DISTRICT COURT OF GUAM

| | |
|---|---|
| DR. SHERIF A. PHILIPS,<br><br>                  Plaintiff,<br><br>       vs.<br><br>PITT COUNTY MEMORIAL HOSPITAL, INC., PAUL BOLIN, RALPH WHATLEY, DAVID CREECH and JAY SALSMAN,<br><br>                  Defendants. | CIVIL CASE NO. 18-00046<br><br>**REPORT & RECOMMENDATION**<br>re Motion to Dismiss (ECF No. 9) |

Before the court is the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1), Lack of Personal Jurisdiction Under Rule 12(b)(2), Improper Venue Under Rule 12(b)(3) and Failure to State a Claim Upon Which Relief Can Be Granted Under Rule 12(b)(6) ("Motion to Dismiss"). *See* ECF No. 9. The motion has been fully briefed, and the parties appeared for oral argument on June 7, 2019. *See* Minutes, ECF No. 35. Having read the parties' filings, reviewed relevant case law and considered the parties' arguments, the court now issues this Report and Recommendation.

## NATURE OF PLAINTIFF'S ACTION

This appears to be the Plaintiff's fifth attempt to re-litigate claims he previously brought in both federal and state courts with regard to the suspension of his medical privileges at Pitt County Memorial Hospital ("PCMH") located in North Carolina. Because the Plaintiff is proceeding pro se, the allegations in his Complaint seem somewhat rambling, but it appears that the Plaintiff is a nephrologist who applied for active medical staff privileges at PCMH in 1995. Compl. at ¶13, ECF No. 1. He was awarded privileges in 1996, *id.* at ¶14, and these privileges were renewed in

subsequent years. *Id.* at ¶¶15-19.

After the Plaintiff was named in a malpractice lawsuit in connection with his work that resulted in a patient's death and his suspension at two other facilities for failing to maintain records, in 2004 PCMH's Department of Risk Management began observation of the Plaintiff's interactions with patients at PCMH. The Plaintiff asserts that these actions were taken by his "economic competitors" in the "wake of continuing criticism [that Plaintiff was] treating Medicare patients and others patients without financial ability to pay for treatment at PCMH[.]" *Id.* at ¶23. Ultimately, PCMH's Board of Trustees imposed a 90 day suspension of the Plaintiff's medical staff privileges, with 31 days of "active suspension." *Id.* at ¶¶40-41.

In 2005, Plaintiff filed suit in the U.S. District Court for the Eastern District of North Carolina (hereinafter *Philips I*) against PCMH and Drs. Patel, Bolin, Whatley and Brown, challenging his suspension. *See Philips v. Pitt Cty. Mem'l Hosp., Inc.*, 503 F. Supp.2d 776 (E.D.N.C. 2007). The Plaintiff asserted claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1981, in addition to bringing numerous state law claims. *Id.* at 779. The federal court dismissed the federal claims for failure to state a claim upon which relief could be granted. *Id.* at 784. Having dismissed the federal claims, the court also dismissed Plaintiff's state law claims. *Id.*

During the pendency of *Philips I*, the Plaintiff filed a second lawsuit (*Philips II*) in 2007 again in the Eastern District of North Carolina after PCMH activated the remainder of the Plaintiff's 90-day suspension and permanently suspended his medical staff privileges. *See Philips v. Pitt Cty. Mem'l Hosp., Inc.*, 503 F. Supp.2d 785 (E.D.N.C. 2007). He asserted a claim under § 1983, along with claims for breach of contract and defamation against PCMH and Drs. Bolin and Whatley. *Id.* at 786. The district court again dismissed the federal claim (finding the defendants were not state actors) and also dismissed the state law claims. *Id.* at 787.

The Fourth Circuit affirmed the dismissals of *Philips I* and *Philips II*. *See Philips v. Pitt Cty. Mem'l Hosp., Inc.*, 572 F.3d 176 (4th Cir. 2009). The Plaintiff did not appeal the Fourth Circuit's decision.

In 2009, Plaintiff filed his third lawsuit, this time in state court (*Philips III*), against PCMH, Drs. Bolin and Whatley and two other physicians involved in the corrective action process. *See*

*Philips v. Pitt Cty. Mem'l Hosp. Inc.*, 731 S.E.2d 462 (N.C. Ct. App. 2012). The claims were similar to the claims raised and dismissed in the federal courts with regard to the suspension and revocation of his medical privileges. *Id.* The trial court dismissed the Plaintiff's claims for fraud and tortious interference with contract, and after further discovery, granted the defendants' motion for summary judgment on the remaining causes of action. *Id.* at 466. The North Carolina Court of Appeals affirmed, and the North Carolina Supreme Court denied discretionary review. *Id.* at 473 and *Philips v. Pitt Cty. Mem'l Hosp. Inc.*, 734 S.E.2d 862 (2012). The defendants thereafter filed a motion seeking costs and attorneys' fees, which the trial court granted. *See Philips v. Pitt Cty. Mem'l Hosp. Inc.*, 775 S.E.2d 882 (N.C. Ct. App. 2015). The Plaintiff appealed the order granting attorneys' fees and costs, but the North Carolina Court of Appeals affirmed and the Supreme Court of North Carolina denied review. *Id.* 885, *writ denied, review denied, appeal dismissed*, 778 S.E.2d 84 (2015).

The Plaintiff filed a fourth lawsuit in 2015. *See* Philips v. N.C. State, No 5:15-CV-0095-F, 2015 WL 9462095 (E.D.N.C. Dec. 28, 2015). The Plaintiff returned to the U.S. District Court for the Eastern District of North Carolina. *Id.* In addition to the defendants he previously named (PCMH, Bolin and Whatley), the Plaintiff added new state defendants (the State of North Carolina, North Carolina Court System and the North Carolina Agency) as well as the attorneys involved in the original litigation. *Id.* at *4. The court dismissed all claims against the state defendants on sovereign immunity grounds. *Id.* at *6. The remaining claims were dismissed with prejudice based on *res judicata* or on statute of limitations grounds. *Id.* at *9.

In May 2018, PCMH filed a complaint in the Superior court of Guam, seeking to enforce the North Carolina judgment that awarded attorneys' fees and costs.[1]

On December 26, 2018, the Plaintiff filed the instant Complaint in this court. The Plaintiff asserts this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). Compl. at ¶4A. The Complaint asserts the Plaintiff "filed for fraud upon the court, Grant Relief under 28 U.S.C., Due Process of law be allowed, Relief of orders in violation of the laws, Under Title 42 United

---

[1] *See Pitt Cty. Mem'l Hosp. v. Philips*, Superior Court of Guam Civil Case No. 0478-18.

States Standard (sic)1983, Constitution Right and public Trust Action (28 U.S.C. § 1331), The Right-To-Honest-Service Doctrine and Vagueness Doctrine Rooker-Feldman, Doctrine, Discrimination, Retaliation and Harassment." *Id.* at ¶1. The Plaintiff seeks to void the judgment and orders of the courts of North Carolina and the Superior Court of Guam.[2]

In lieu of an answer, the Defendants have filed the instant Motion to Dismiss requesting that the court dismiss this action on the following grounds: (a) lack of subject matter jurisdiction; (b) lack of personal jurisdiction over Defendants; (c) improper venue; and (d) failure to state a claim upon which relief can be granted. *See* Defs.' Mot. Dismiss and Mem. P.&A. Supp. Mot. Dismiss, ECF Nos. 9-10.

## LEGAL STANDARDS[3]

A.  Subject Matter Jurisdiction

Rule 12(b)(1) allows the court to dismiss a claim for lack of jurisdiction. "It is a fundamental principle that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, the plaintiff bears the burden of establishing subject matter jurisdiction. Federal subject matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). A court must presume lack of jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (The party seeking to invoke federal court jurisdiction has the burden of establishing that jurisdiction is proper.).

A party bringing a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the Court's consideration. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either

---

[2] *See* Pl.'s Scheduling and Planning Conference Report at 2, ECF No. 28. The Complaint does not clearly describe the relief sought by the Plaintiff.

[3] The Defendants' Motion to Dismiss asserts four grounds for dismissal. Because the first two grounds are dispositive of this matter, only the legal standards for subject matter and personal jurisdiction are set forth below.

facial or factual"). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the court must accept the factual allegations of the complaint as true. *See Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014). However, legal conclusions in the complaint are not accepted as true, even if they are cast as factual allegations. *See id.*

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. "With a factual Rule 12(b)(1) attack . . . a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242 (internal citation omitted); *see also Thornhill Publishing v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.1979).

In this case, the Defendants appear to argue that the allegations in Plaintiff's complaint are insufficient on their face to establish subject matter jurisdiction. Thus, the determination of whether subject matter exists does not depend on resolution of a factual dispute, but rather on the allegations in the Complaint. The court must assume the Complaint's factual allegations to be true and draw all reasonable inferences in Plaintiff's favor.

    B.    <u>Personal Jurisdiction</u>

Defendants move to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The burden is on the Plaintiff to show that personal jurisdiction exists. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). In evaluating a motion to dismiss for lack of personal jurisdiction, "[t]he court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citation omitted).

Where, as here, the court decides the motion to dismiss based on the pleadings and affidavits submitted by the parties without conducting an evidentiary hearing, "the plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Unocal*, 248 F.3d 922 (quotation omitted). The court need "only inquire into whether [the plaintiff's] pleadings and

affidavits make a *prima facie* showing of personal jurisdiction." *Cvaruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). The court must accept uncontroverted allegations contained within the plaintiff's complaint as true and must resolve conflicts between statements contained within the parties' affidavits in the plaintiff's favor. *Id.*; *Boschetto*, 539 F.3d at 1015. However, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Alexander v. Circus Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) (quotation omitted).

When, as here, no federal statute governs personal jurisdiction, the court may exercise personal jurisdiction over a defendant if (1) the applicable state long-arm statute permits it, and (2) exercising that jurisdiction does not violate federal due process standards. *Boschetto*, 539 F.3d at 1015. Guam's long-arm statute allows for the exercise of jurisdiction "on any basis not inconsistent with the Organic Act or the Constitution of the United States." 7 Guam Code Ann. § 14109 (2005). "Due to this broad-reaching statutory language, the effect is that the jurisdictional analysis merges into a single step. That is, a court analyzing personal jurisdiction under Guam's long-arm statute simultaneously analyses the issue of constitutional due process." *Barnes v. Superior Court*, 2012 Guam 11 ¶27. Thus, the court may exercise personal jurisdiction over a defendant if doing so comports with federal constitutional due process.

The due process issue here is whether the Defendants' contacts with Guam are of such quality and nature that they could reasonably expect "being haled into court there." *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). Due process is satisfied "when *in personam* jurisdiction is asserted over a non-resident corporate defendant that has certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quotation omitted).

"There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant – general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016. These forms of personal jurisdiction will be further discussed below.

///

## DISCUSSION

The Defendants' motion seeks dismissal of this action on the following grounds: (a) lack of subject matter jurisdiction; (b) lack of personal jurisdiction over Defendants; (c) improper venue; and (d) failure to state a claim upon which relief can be granted. Because the first two grounds are dispositive of this matter, only those issues are analyzed further below.

A. <u>Whether the court has subject matter jurisdiction over this action</u>

As noted previously, because the Plaintiff is proceeding *pro se*, his Complaint is not very clear with regard to what claims he is asserting and what relief he seeks. The jurisdictional allegations are set forth in paragraph 4 of the Complaint. This paragraph cites to "28 U.S.C. § 1331," which is the provision of federal law that discusses the court's federal question jurisdiction. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law either where federal law creates the cause of action or where plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

Based on the allegations in the Complaint, the Plaintiff appears to be asserting a Section 1983 claim. *See* Compl. at ¶¶1 and 89 ("Plaintiff brings his claims pursuant to Title 42 U.S. Code & (sic) 1983 for violations of Certain Protections guaranteed to plaintiff by the First, Fifth, Ninth and Fourteenth Amendments of the federal Constitution."), ECF No. 1. Section 1983 provides a federal remedy for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." There are two essential elements to a section 1983 action: first, that the defendant acted under "color of law;" and, second, that the defendant's conduct deprived the plaintiff of a federally protected right. *See* 42 U.S.C. § 1983.[4]

---

[4] Section 1983 provides

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Here, none of the Defendants are state actors for purposes of Section 1983 liability. This has been the finding of the court in *Philips I* and *Philips II*. *See* 503 F. Supp.2d 776, 783-84 (E.D.N.C. 2007) and 503 F. Supp.2d 785, 787 (E.D.N.C. 2007), both *aff'd*, 572 F.3d 176 (4th Cir. 2009). Because the Plaintiff has already litigated this very issue (whether the Defendants are state actors), the Plaintiff is barred by *res judicata* from re-litigating this issue before the court. The Plaintiff has presented no new facts that would require a redetermination of this issue. Because the Defendants are not state actors, Section 1983 is inapplicable. All the other claims asserted by the Plaintiff do not arise under federal law. Accordingly, this court lacks federal question jurisdiction over the Plaintiff's claims.

Although there appears to be no federal question jurisdiction, the court may have diversity jurisdiction over the matter. Based on the Complaint, the Plaintiff moved to Guam in 2007. Compl. at ¶61, ECF No. 1. Assuming he is a citizen of Guam, the Defendants' declarations indicate that PCMH is a North Carolina Corporation with its principal place of business in North Carolina, *see* Floyd Decl. at ¶4, ECF No. 11, and the individual defendants are citizens of either North Carolina or Virginia. Bolin Decl. at ¶3, ECF No. 12, Whatley Decl. at ¶3, ECF No. 13, Creech Decl. at ¶4, ECF No. 14, and Salsman Decl. at ¶3, ECF No. 15. The Complaint does not assert diversity of citizenship between the parties, nor does it allege that the amount in controversy exceeds $75,000.[5] While the court could give the Plaintiff leave to file an amended complaint to cure these deficiencies, amendment would be futile since the court lacks personal jurisdiction over the Defendants, as will be further discussed in the next section.

///

---

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[5] The Plaintiff's 2nd Surreply appears to argue that this court has diversity jurisdiction. *See* Pl.'s 2nd Surreply at ¶3, ECF No. 22. The Plaintiff's filing also asserts that jurisdiction properly lies in this court because the Plaintiff could have removed the Superior Court action to this court. Unfortunately, the Plaintiff never removed the Superior Court action to this court; he chose to file a Complaint instead. Accordingly, any argument that this court has jurisdiction based on the removal statute (28 U.S.C. § 1446) is unavailing.

B.     Whether the court has personal jurisdiction over the Defendants

As noted above, there are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant – general jurisdiction and specific jurisdiction. These are further analyzed below.

1.    *General Jurisdiction*

"In the context of general jurisdiction, minimum contacts exist where a defendant has 'substantial' or 'continuous and systematic' contacts with the forum state, even if the case is unrelated to those contacts." *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1171 (9th Cir 2006) (quoting *Helicopteros*, 466 U.S. at 415). "The standard for general jurisdiction is high; contacts with a state must 'approximate physical presence.'" *Id.* at 1169 (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1086, 1086 (9th Cir. 2000)); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; *for a corporation , it is an equivalent place, one in which the corporation is fairly regarded as at home*").

When using the minimum contacts test, factors to consider include: "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there," as well as more generalized considerations of "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Tuazon*, 433 F.3d at 1172 (quotation omitted). Ultimately, the outcome should turn on the "economic reality of the defendant's activities rather than a mechanical checklist." *Id.* at 1173 (quotation omitted).

The Defendants argue there is no general jurisdiction over any of them. PCMH does not maintain a registered agent for service in Guam. Floyd Dec. at ¶9, ECF No. 9. It does not own, lease, possess or maintain any real or personal property in Guam and has not owned, leased, possessed or maintained any real or personal property on island. *Id.* at ¶10. PCMH does not own, lease, or maintain an office, residence or place of business in Guam and never has. *Id.* at ¶11. Nor has it paid any taxes of any kind in Guam. *Id.* at ¶12. PCMH never had a Guam business license and has never maintained any office, bank account, agent, employee or address in Guam. *Id.* at ¶15.

It has not and does not derive substantial revenue from goods used or consumed in Guam or services rendered in Guam, nor has it signed any contracts regard a Guam entity. *Id.* at ¶¶17-18. PCMH has never maintained a telephone listing Guam. *Id.* at ¶19. Finally, PCMH's principals were not located in Guam. *Id.* at ¶20.

Aside from the collection action in the Superior Court of Guam and defending against this suit, PCMH's contacts to Guam are neither continuous nor substantial. PCMH's activities do not constitute "conducting business" in Guam since it does not have an office in Guam, does not have any employees or agents for service of process in Guam, does not own property in Guam, and has never rendered any services in Guam. The Plaintiff does not refute any of the allegations in the Floyd Declaration. PCMH's limited contacts to Guam fall well short of the "continuous and systematic" contacts that the Supreme Court and the Ninth Circuit have held to constitute sufficient "presence" to warrant general jurisdiction. *See Helicopteros*, 466 U.S. at 416 (no jurisdiction over foreign corporation that sent officer to forum for one negotiating session, accepted checks drawn of an forum bank, purchased equipment from the forum, and sent personnel to the forum to be trained); *Cubbage v. Merchent*, 744 F.2d 665, 667-68 (9th cir. 1984) (no jurisdiction over doctors despite significant numbers of patients in forum, use of forum's state medical insurance system and telephone directory listing that reached forum); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330-31 (9th Cir. 1984) (no jurisdiction over defendants despite several visits and purchases in forum, solicitation of contract in forum which included choice of law provision favoring forum, and extensive communication with forum).

Given that "[t]he standard for general jurisdiction is high," requiring contacts which "approximate physical presence" and "continuous corporate operations with [the] state," *Tuazon*, 433 F.3d at 1169, the court finds that the Plaintiff has not met his burden of making a *prima facie* showing that PCMH's direct contacts with Guam are sufficient for the court to exercise general jurisdiction over PCMH.

The same finding can be made with regard to the individual defendants. Defendant Bolin has never visited Guam, never resided in Guam, and has had no contact with Guam. Bolin Decl. at ¶4., ECF No. 12. Defendant Whatley has never visited Guam, never resided in Guam, and has

had no contact with Guam. Whatley Decl. at ¶4, ECF No. 13. Defendant Creech has never resided in Guam and only visited Guam twice when he took a connecting flight through Guam en route to another location, but he never left the airport on either occasions. Creech Decl. at ¶4, ECF No. 14. Defendant Creech's only other contact with Guam was through the mail – (1) to serve legal papers on the Plaintiff via mail to the Plaintiff's Guam residence and (2) to mail a letter to the Guam medical board in 2007 at the request of the Plaintiff's lawyer when the Plaintiff was applying for his Guam medical license. *Id.* at ¶¶6-7. Finally, Defendant Salsman has never visited Guam, never resided in Guam, and his only contacts with Guam were (1) to serve legal papers on the Plaintiff vial mail sent to the Plaintiff's Guam address and (2) limited to contact with Attorney Daniel Berman as it related to collecting on the North Carolina state court judgment. Salsman Decl. at ¶¶5-6, ECF No. 15. The Plaintiff has not met his burden of making a *prima facie* showing that any of the individual defendants' direct contacts with Guam are sufficient for the court to exercise general jurisdiction over them.

Having found general jurisdiction lacking, the court will next analyze specific jurisdiction.

### 2. *Specific Jurisdiction*

Alternatively, the Plaintiff has the option of showing that the Defendants have sufficient "minimum contacts" with Guam arising from, or related to, their activities on island. Courts apply a three-part test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Boschetto*, 539 F.3d at 1016 (quotation omitted).

The Plaintiff bears the burden on the first two prongs. *Id.* "if the Plaintiff establishes both prongs one and two, the defendant must come forward with a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quotation omitted).

a. *Purposeful Availment or Purposeful Direction*

The requirement that the defendant do some act purposefully to avail himself of the laws of the forum state ensures that a person is not hailed into court as the result of random, fortuitous, or attenuated contacts or on account of the unilateral activity of third parties. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). The court must first examine whether the Defendants' activities were directed purposefully toward Guam.

To satisfy the first prong of the test for specific jurisdiction, a defendant must have either purposefully availed itself of the privilege of conducting business activities within the forum or purposefully directed activities toward the forum. *Panavision v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1988). Purposeful availment typically consists of action taking place in the forum that invokes the benefits and protections of the laws of the forum, such as executing or performing a contract within the forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). To show purposeful availment, a plaintiff must demonstrate that the defendant "engage[d] in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." *Gray & Co. v. Firstenber Mach. Co.,* 913 F.2d 758, 760 (9th Cir. 1990).

Purposeful direction exists when a defendant has committed an act outside of the forum state that was intended to and does in fact cause injury within the forum. *Calder v. Jones*, 465 U.S. 783, 788-89 (1984). A purposeful direction analysis is most often used in suits sounding in tort. *Schwarzenegger*, 374 F.3d at 1093.

> In a specific jurisdiction inquiry, we consider the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts. "A strong showing on one axis will permit a lesser showing on the other. A single forum state contact can support jurisdiction if the cause of action arises out of that particular purposeful contact of the defendant with the forum state."

*Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006) (en banc) (internal citation, quotation signals, ellipses, and brackets omitted).

Here, the Defendants' activities in Guam are limited. PCMH took steps to register and enforce the North Carolina state judgment, but these actions did not give rise to the Plaintiff's claims. The Plaintiff's Complaint essentially asserts that the Defendants improperly suspended and

ultimately revoked his medical privileges at PCMH and that all the courts that have previously reviewed his claims essentially got it wrong. The Ninth Circuit has specifically stated that "the simple domestication of a foreign judgment . . ., standing along, is unlikely sufficient to confer personal jurisdiction on the judgment creditor." *Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir. 2007).[6] Because the Plaintiff has not alleged any other actions in Guam by the Defendants aside from PCMH's attempt to register the North Carolina state court judgment, the facts before the court are insufficient to confer personal jurisdiction over the Defendants.

Even PCMH's contract with the Berman firm to represent it in the Superior Court action and this court are not enough to show that PCMH "purposefully availed" itself of the privilege of conducting business in Guam. *See Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) ("the existence of a contract with a resident of the forum state is insufficient by itself to create personal jurisdiction over the nonresident.").

Another insignificant contact was the mailing of letters to Guam by Defendants Salsman and Creech.[7] Both sent legal papers by mail to Plaintiff's Guam residence in an attempt to serve the Plaintiff. *See* Creech Decl. at ¶6, ECF No. 14, and Salsman Decl. at ¶5, ECF No. 15. Additionally, Defendant Creech wrote and sent a letter to the Guam Memorial Hospital Authority at the request of the Plaintiff's attorney (Deborah Meyer) so that the Plaintiff's license application could be processed. Creech Decl. at ¶7, ECF No. 2 and Ex. A thereto. "Ordinarily, 'use of the mails, telephone, or other international communication simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state.'" *Roth*, 942 F.2d at 622.

---

[6] In *Menken*, the plaintiff, a judgment debtor, brought an action in Arizona state court against the judgment creditor, the judgment creditor's husband, and business for which she was president, alleging negligence, interference with contractual relations, civil extortion and violation of Arizona statute prohibiting improper recording of document claiming an interest in real property. *Id.* at 1054. The state court action was then removed to the federal court, and the district court dismissed for lack of personal jurisdiction. *Id.* The Ninth Circuit eventually reversed the district court's finding of a lack of personal jurisdiction over the judgment creditor. *Id.* at 1062. The appellate court found that the judgment creditor there did more than merely domesticate a foreign judgment in Arizona. After "domesticating the judgment[, the defendant] then attempt[ed] to extract a greater payment than that lawfully due under the Nevada judgment." *Id.* at 1061.

[7] Defendant Creech was counsel to PCMH in the *Philips I* and *II* matters.

Simply put, the facts and circumstances clearly show that none of the Defendants purposefully availed themselves of the privilege of doing business in Guam or that they purposefully directed their actions to cause injury in Guam. The Plaintiff has failed to satisfy this first prong of the specific jurisdiction test.

### b. *Claim Arises Out of Forum-Related Activities*

The second prong of the test for specific jurisdiction requires that the claim be one that arises out of or relates to the defendant's activities in the forum. "In determining whether [a plaintiff's] claims arise out of [a defendant's] forum-related conduct, 'the Ninth Circuit follows the 'but for' test.' Hence, [a plaintiff] must show that he would not have suffered an injury 'but for' [a defendant's] forum-related conduct." *Menken*, 503 F.3d at 1058.

Here, the Plaintiff's claims concerning the suspension and revocation of his medical privileges do not arise out of or relate to the Defendants' activities in Guam. These claims have nothing to do with the Defendants minimal contacts with Guam. The Plaintiff's alleged injuries occurred years prior to the Defendants' limited activities in Guam. The Plaintiff has failed to meet his burden of satisfying the second prong of the specific jurisdiction test.

### c. *Reasonableness of Exercise of Jurisdiction*

Finally, the third prong of the test for specific jurisdiction provides that the exercise of jurisdiction must comport with fair play and substantial justice. *Panavision*, 141 F.3d 1320. To determine whether the exercise of jurisdiction over a non-resident defendant would be reasonable, courts consider the following seven factors:

> (1) the extent of the defendant['s] purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant['s] state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Core-Vent Corp. V. Nobel Indus.*, 11 F.3d 1482, 1487-88 (9th Cir 1993). There is a presumption that the exercise of jurisdiction is reasonable when the first two prongs of the specific jurisdiction test have been met. *Schwarzenegger*, 374 F.3d at 802.

In evaluating the above factors, it appears that exercising jurisdiction over the Defendants

would not be reasonable. As discussed previously, Defendants have not purposefully interjected themselves into Guam's affairs and their contacts with Guam can be characterized as minimal. It would pose a substantial burden for the Defendants, particularly the individual defendants, to defend themselves in Guam since they are residents of Virginia and North Carolina. PCMH is a North Carolina corporation with its principal place of business in North Carolina. A vast majority of the records relating to this dispute as well as many of the witnesses are located in North Carolina. And, as noted by the Defendants, "[n]o forum appears to be convenient and efficient in this case," because most if not all of the Plaintiff's claims have been adjudicated or the statute of limitations has run.

Overall, the Plaintiff has failed to meet his burden of making a *prima facie* showing of sufficient minimum contacts with Guam to establish either general or specific personal jurisdiction over the Defendants.

C. <u>Whether dismissal or transfer of this action is appropriate</u>

Having determined that it lacks personal jurisdiction over the Defendants, the court must next decide whether to dismiss the case or transfer it to another jurisdiction, perhaps North Carolina since the underlying actions occurred there. This issue is directly related to the third ground in the Defendants' Motion to Dismiss based on improper venue.

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631; *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which it filed a case laying venue in the wrong . . . District shall dismiss, or it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") "Transfer is appropriate . . . if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (citation omitted). This rule is mandatory; if the conditions are met, "[t]he statute requires transfer." *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "When determining whether transfer is in the interest of justice, courts

have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *Cruz-Aguilera*, 245 F.3d at 1074. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Id.* (quoting *Goldlawr Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).

As discussed above, the court lacks personal jurisdiction over the Defendants. Although North Carolina may have personal jurisdiction over the Defendants, transferring this action to that state would be futile since both the federal and state court have already dismissed nearly identical claims raised by the Plaintiff in those courts. A transfer to North Carolina would not be in the interest of justice, and accordingly, the court recommends that the Chief Judge dismiss this action.

D.  <u>Whether the court should grant the Defendants' request for sanctions</u>

Finally, at the hearing on the Motion to Dismiss, the Defendants requested for the first time that the court impose sanctions[8] on the Plaintiff for allegedly lying to the court in stating that the instant action is unrelated to the prior cases he filed and for filing this lawsuit for the purpose of unnecessarily delaying the collection action against him.

Rule 11(b) of the Federal Rules of civil Procedure permits a court to sanction attorneys or unrepresented parties who submit pleadings for an improper purpose, that contain frivolous arguments or arguments that have no evidentiary support. This rule provides:

> (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity

---

[8] Mr. Berman asked the court to impose a $10,000 sanction, to throw the Plaintiff in jail until it is paid, and to otherwise sanction him in some meaningful way.

    for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

  Before sanctions can be imposed, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5[.]" Fed. R. Civ. P. 11(c)(2). Here, the Defendants failed to file a separate motion for sanctions that complies with the requirements of Rule 11(c)(2). Accordingly, the court recommends that the Chief Judge deny the request for sanctions against the Plaintiff.

## CONCLUSION

  Based on the above, the court finds a lack of federal question jurisdiction and personal jurisdiction over the Defendants. Based on these findings, there is no need for the court to address the other grounds raised in the Motion to Dismiss. Accordingly, the court recommends that the Chief Judge grant the Motion to Dismiss. Because the Defendants failed to comply with Rule 11(c)(2), the court further recommends that the Chief Judge deny the Defendants' oral request to impose sanctions against the Plaintiff.

  IT IS SO RECOMMENDED.



        **/s/ Joaquin V.E. Manibusan, Jr.**
         **U.S. Magistrate Judge**
        **Dated: Sep 30, 2019**

## NOTICE

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**