# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SHERIF PHILIPS, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> PITT COUNTY MEMORIAL HOSPITAL, INC., PAUL BOLIN, RALPH WHATLEY, DAVID CREECH, and JAY SALSMAN, <br><br> Defendants. | CIVIL CASE NO. 18-00046 <br><br> **ORDER** |

Before the Court is the Magistrate Judge's report and recommendation dated September 30, 2019. Section 636(b)(1), U.S. Code Title 28, requires the Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Plaintiff's list of objections is long and, at points, difficult to understand. Rather than identifying particular aspects of the Magistrate Judge's Report and Recommendation to which he objects, Plaintiff simply reiterates the arguments made to the Magistrate Judge. In light of Plaintiff's pro se status, the Court will construe Plaintiff's filing as an objection to the entirety of the Magistrate Judge's report and recommendation, and will therefore conduct a de novo review of the report and recommendation. In conducting such review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

1

Upon de novo review, the Court accepts the report and recommendation with the following modifications.

**A.     Supplement to Discussion re: Federal Question Jurisdiction**

The Court first modifies the report and recommendation by adding the following discussion between lines 9 and 10 of page 8:

The Court recognizes that "[j]urisdiction … is not defeated … by the possibility that the averments might fail to state a [federal] cause of action on which [the plaintiff] could actually recover." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)). Rather, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)). Here, a sister federal court has already determined that Pitt County Memorial Hospital ("PCMH"), Paul Bolin, and Ralph Whatley are not state actors for purposes of 42 U.S.C. § 1983, thus precluding Plaintiff from relitigating that issue in this action. *See Philips v. Pitt Cty. Mem'l Hosp.*, 503 F. Supp. 2d 776, 784 (E.D.N.C. 2007), *aff'd*, 572 F.3d 176 (4th Cir. 2009). This action therefore cannot be said to involve a federal controversy with respect to those Defendants. Further, because Defendants Creech and Salsman—counsel for Defendant PCMH, *see* Compl. ¶ 125—are mere agents of PCMH, any suggestion that their actions on behalf of PCMH constituted "state action" for purposes of § 1983 is not only meritless, but "wholly insubstantial and frivolous."[1] *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

---

[1] To the extent there is any room for doubt as to this characterization, the Court notes that it would not affect the ultimate disposition of Defendants' motion, but merely the basis for it. If the Court were to conclude that Plaintiff's federal claim is not "wholly insubstantial and frivolous," the Court would still dismiss the claim—under Rule 12(b)(6) rather than rule 12(b)(1)—and would decline to exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

**B.     Supplemental Discussion re: Removal Jurisdiction**

In addition to the modification above, the Court modifies the report and recommendation by adding the following discussion immediately before the conclusion:

There is one additional potential basis for jurisdiction that is suggested by Plaintiff's complaint, though not clearly articulated therein. Plaintiff alleges in the complaint that he "is asking the Court to transfer defendant's case [in the Superior Court of Guam] to the Federal Court." ECF No. 1 ("Compl.") ¶ 4(A). This could be interpreted as an inartful attempt to invoke this Court's removal jurisdiction under 28 U.S.C. § 1441(a).[2] Permitting Plaintiff to amend his complaint and re-designate it as a notice of removal would, of course, moot any concerns regarding personal jurisdiction. *See Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002) ("[W]hen examining the court's exercise of personal jurisdiction and assuming removal is proper, the removed plaintiffs should be treated no differently from plaintiffs who file in federal court originally."); *id.* ("[P]laintiffs who avail themselves of the district court consent to personal jurisdiction."). However, permitting such an amendment would be futile for other reasons.

First, because the Court has rejected Plaintiff's attempt at invoking its federal question jurisdiction over this action, any notice of removal would have to rely on diversity jurisdiction, and the only citizenship Plaintiff can plausibly allege that would support diversity jurisdiction is that of Guam. As a citizen of Guam, however, Plaintiff would be unentitled to invoke the Court's removal jurisdiction. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Second, if construed as an attempt to effect removal, Plaintiff's filing is untimely. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

---

[2] The Court notes, however, that multiple aspects of the complaint counsel against such an interpretation. Beyond its captioning as a "complaint," ECF No. 1 at 1, the filing names as defendants individuals who were not parties to the Guam Superior Court action, *id.*, and requests that the Court "Grant Relief under 28 U.S.C.," *id.* ¶ 1. All of these things suggest that Plaintiff's initial pleading was attempting to accomplish more than simply changing the venue of an existing action.

3

pleading...."). The initial pleading in the Guam Superior Court action—attached as an exhibit to the complaint in this action—was clearly removable. It alleged that Plaintiff PCMH is a North Carolina corporation doing business in the State of North Carolina and that Defendant Philips is a resident of Guam, and it sought a judgment in the amount of $457,335.70. ECF No. 1 at *53. Although this pleading was served on Plaintiff on June 5, 2018, Plaintiff's complaint was not filed in this Court until December 26, 2018—well past the 30-day deadline. *See* ECF No. 10-3 (Decl. of Service).

Third, in the absence of any properly designated notice of removal, the Guam Superior Court properly proceeded to adjudicate the action before it, and that court entered judgment on January 24, 2019. *See* ECF No. 18-2. Any attempt now by Plaintiff to seek review of that judgment in this Court would be barred by the *Rooker–Feldman* doctrine. *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) ("The *Rooker–Feldman* doctrine ... stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments.").

\* \* \*

These modifications having been made, the Court finds further discussion of Plaintiff's objections to be unnecessary on this record. The Magistrates Act merely requires the district judge to make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made; it does not require a written explanation of the reasons for rejecting each objection. *MacKenzie v. Calif. AG*, 2016 WL 5339566, *1 (C.D. Cal. Sept. 21, 2016) (citing *U.S. ex rel. Walterspiel v. Bayer AG*, 639 F. App'x 164, 168-69 (4th Cir. 2016)); *Quezada v. McDowell*, 2019 WL 3802190, at *1 (C.D. Cal. Aug. 12, 2019). "This is particularly true where, as here, the objections are plainly unavailing." *Smith v. Calif. Jud. Council*, 2016 WL 6069179, *2 (C.D. Cal. Oct. 17, 2016).

Accordingly, the Court concludes that it lacks jurisdiction over this action and that granting Plaintiff leave to amend would be futile. The Court therefore **ACCEPTS** the Report and Recommendation of the Magistrate Judge as modified, ECF No. 37, **OVERRULES** Plaintiff's

4

objections thereto, ECF No. 39, and **GRANTS** Defendants' motion to dismiss, ECF No. 9. Further, the court **DENIES AS MOOT** Plaintiff's discovery requests, ECF No. 25, and Plaintiff's Motion for Injunction and Relief, ECF No. 40.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
　　Chief Judge
**Dated: Nov 13, 2019**