# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SHERIF ANTOUN PHILIPS, M.D., | CIVIL CASE NO. 18-00046 |
| Plaintiff, | |
| vs. | **ORDER** |
| PITT COUNTY MEMORIAL HOSPITAL, INC., PAUL BOLIN, RALPH WHATLEY, DAVID CREECH, and JAY SALSMAN, | |
| Defendants. | |

Before the court is Plaintiff's Petition For Transfer and Consolidation, ECF No. 56. Plaintiff makes his motion pursuant to 28 U.S.C. §§ 1404(a), 1406(a), 1407, and Fed. R. Civ. P. 42(a). ECF No. 56 at 1.

## I. BACKGROUND

The Court hereby incorporates by reference the background facts as set forth in the Magistrate Judge's Report and Recommendation, ECF No. 37 at 1–4.

## II. DISCUSSION

28 U.S.C. § 1404(a) allows a district court to "transfer any civil action to any *other district or division where it might have been brought* or to any district or division to which all

parties have consented" "for the convenience of parties and witnesses" and "in the interest of justice." (emphasis added). §1404(a) transfer is only available to courts that have jurisdiction over the case. This Court may not effect a change of venue by transferring under 28 U.S.C. § 1404(a) because it lacks personal jurisdiction over Defendants. ECF No. 37 at 15; ECF No. 41 at 4–5 (concluding that this Court lacks jurisdiction over this action).

Plaintiff also petitions this Court for transfer under 28 U.S.C. § 1406(a). ECF No. 56 at 1. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or* if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). § 1406(a) permits transfer in order to cure a lack of jurisdiction. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (Section 1406(a) "authorize[s] the transfer of [a] cas[e] . . . whether the court in which it was filed had personal jurisdiction over the defendants or not."). However, this Court has already dismissed this case and declined to transfer it, finding it would not be in the interest of justice to do so. *See* ECF No. 37 at 15–16; ECF No. 41 at 4–5 (accepting the Report and Recommendation of the Magistrate Judge). § 1406(a) does not permit dismissal *and* transfer. As such it is too late for this Court to transfer this case since it has already been dismissed.

Plaintiff also petitions this Court for consolidation under 28 U.S.C. § 1407 to the "Fourth Circuit of Appeal," which this Court construes as the United States Court of Appeals for the Fourth Circuit. ECF No. 56 at 1. § 1407 allows for the consolidation of multiple civil cases that are currently pending in different districts. *See* 28 U.S.C. § 1407. Plaintiff does not provide the case name or number of any pending case in the Fourth Circuit. He previously filed suits in the U.S. District Court for the Eastern District of North Carolina concerning the same events, but those were dismissed. *See Philips v. Pitt Cty. Mem'l Hosp., Inc.*, 503 F. Supp. 2d 776 (E.D.N.C. 2007); *Philips v. Pitt Cty. Mem'l Hosp., Inc.*, 503 F. Supp. 2d 785 (E.D.N.C. 2007). Both of

these dismissals were already affirmed by the Fourth Circuit. *See Philips v. Pitt Cty. Mem'l Hosp., Inc.*, 572 F.3d 176 (4th Cir. 2009). A case must be currently pending in order for § 1407 to apply. In any case, this Court would not be able to consolidate this case with another as it has no jurisdiction over the matter. ECF No. 37 at 15; ECF No. 41 at 4–5 (concluding that this Court lacks jurisdiction over this action).

Finally, Plaintiff petitions this Court for consolidation under Fed. R. Civ. P. 42(a). ECF No. 56 at 1. Rule 42(a) allows for the consolidation of multiple actions pending in the same court. Plaintiff does not provide the name or case number of another case pending before this Court. The Court cannot know whether consolidation under Rule 42(a) is appropriate without knowing what cases are to be consolidated. In any case, as above, this Court would not be able to consolidate this case with another as it has no jurisdiction over the matter. ECF No. 37 at 15; ECF No. 41 at 4–5 (concluding that this Court lacks jurisdiction over this action).

Accordingly, the Court **DENIES** Plaintiff's Petition to Transfer and Consolidate, ECF No. 56. This case has already been dismissed and a judgment entered against Plaintiff. ECF No. 41; ECF No. 43. That dismissal has been affirmed by the United States Court of Appeals for the Ninth Circuit. ECF No. 55. Further motions by Plaintiff seeking relief a court without jurisdiction may not grant will be denied.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Nov 15, 2021**